UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
              *Plaintiff-Appellee,*

v.

VANCE CHEYNEY HENDRICKSON,
              *Defendant-Appellant.*

No. 02-4640

Appeal from the United States District Court
for the Eastern District of North Carolina, at New Bern.
Malcolm J. Howard, District Judge.
(CR-01-42-HO)

Submitted: April 23, 2003

Decided: May 19, 2003

Before WILLIAMS, MOTZ, and TRAXLER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Joseph E. Zeszotarski, Jr., POYNER & SPRUILL, L.L.P., Raleigh, North Carolina, for Appellant. Frank D. Whitney, United States Attorney, Anne M. Hayes, Assistant United States Attorney, Christine Witcover Dean, Assistant United States Attorney, Jane J. Jackson, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Vance Cheyney Hendrickson was convicted of possession of a firearm by a convicted felon, 18 U.S.C. § 922(g)(1) (2000), possession with intent to distribute at least five grams of cocaine base, 21 U.S.C. § 841(a)(1) (2000), and using and carrying a firearm during and in relation to a drug trafficking offense, 18 U.S.C. § 924(c) (2000). He appeals the district court's denial, on the recommendation of the magistrate judge, of his motion to suppress evidence and his motion to dismiss the indictment. Finding no error, we affirm.

First, Hendrickson asserts error in the district court's denial of his motion to suppress a statement he made to the arresting officers. The statement was made after a search warrant was obtained that authorized a search of Hendrickson's car. The district court reviewed the magistrate judge's report and recommendation and held an evidentiary hearing. We review the factual findings underlying the denial of a motion to suppress for clear error, while reviewing the legal determinations de novo. *United States v. Rusher*, 966 F.2d 868, 873 (4th Cir. 1992). When a suppression motion has been denied, we review the evidence in the light most favorable to the government. *United States v. Seidman*, 156 F.3d 542, 547 (4th Cir. 1998). While we find Hendrickson was in custody and had not received the warnings required by *Miranda v. Arizona*, 384 U.S. 436 (1966), his self-incriminating statement was voluntary and was not made in response to interrogation. *See Rhode Island v. Innis*, 446 U.S. 291, 301-02 (1980). Accordingly, the district court properly denied the motion to suppress the statement.

Second, Hendrickson appeals the district court's denial of his motion to dismiss the indictment based on an allegation that the Government destroyed or failed to preserve exculpatory evidence. As with the motion to suppress, we review the legal conclusions underlying

the denial of the motion to dismiss the indictment based on government misconduct de novo and the district court's factual findings for clear error. *See United States v. McDonald*, 61 F.3d 248, 253 (4th Cir. 1995). The district court found credible the officers' testimony that Hendrickson stated there was a gun and drugs in a duffle bag on the back seat of his car prior to the search of the car and, after evidence of criminal activity was recovered from the car, Hendrickson stated the woman accompanying him was not involved in the criminal activity. Based on these factual findings we cannot impute to the officers knowledge that the duffle bag was apparently or potentially exculpatory evidence. *See Arizona v. Youngblood*, 488 U.S. 51, 57-58 (1988); *see also California v. Trombetta*, 467 U.S. 479, 488-89 (1984). Accordingly, the district court properly denied the motion to dismiss the indictment.

We affirm Hendrickson's conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the material before this court and argument would not aid in the decisional process.

*AFFIRMED*